UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOHN ROGERS** | **CIVIL ACTION** |
| **Plaintiff** | **NO.:** |
| **VERSUS** | **SECTION:** |
| **TAYLOR-SEIDENBACH, INC., ET AL** | **JUDGE:** |
| **Defendants** | **MAGISTRATE JUDGE:** |

## NOTICE OF REMOVAL

NOW INTO COURT, through undersigned counsel, comes Defendant Huntington Ingalls Incorporated (/k/a Northrop Grumman Ship Systems, Inc., f/k/a Avondale Industries, Inc.) ("Avondale") who, pursuant to 28 U.S.C. §§ 1441, 1442, and 1446, notices the removal of the above-entitled action bearing No. 2024-00984 on the docket of the Civil District Court for the Parish of Orleans, State of Louisiana (the "State Case"), to the United States District Court for the Eastern District of Louisiana. This Court has subject matter jurisdiction under 28 U.S.C. § 1441 in that the action arises "under the Constitution, laws or treaties of the United States" within the meaning of that statute, and because Avondale was, at all material times, acting under an officer of the United States as set forth in 28 U.S.C. § 1442(a)(1). The grounds for removal are as follows:

1.

Venue is proper in this Court because it is the district court for the district in which the State Case is pending. 28 U.S.C. § 1442(a).

1

2.

On February 1, 2024, John Rogers filed a Petition for Damages in the suit bearing Case No. 2024-00984 in Civil District Court for the Parish of Orleans, alleging that Mr. Rogers was diagnosed with lung cancer as a result of asbestos exposure.[1] Plaintiff did not provide additional details of exposure until the First Supplemental, Amending, and Restated Petition for Damages ("Amended Petition"), which was filed on March 8, 2024.[2] The Amended Petition alleges that Mr. Rogers was exposed to asbestos due, in part, to his employment as a welder and electrician's helpers at Avondale and Dow Chemical in the 1970s and 1980s.[3] Plaintiff alleges that Mr. Rogers used, handled, or was in the vicinity of others using or handling asbestos or asbestos-containing products at these sites and that asbestos fibers escaped into the air, which Mr. Rogers breathed, causing his alleged lung cancer.[4] Although the Petitions make broad allegations of exposure to asbestos attributable to Avondale, they do not link Mr. Rogers' alleged asbestos exposures to any vessels Avondale built, refurbished, or repaired pursuant to contracts with the United States government.

3.

Mr. Rogers was deposed over the course of two days on April 2 and 23, 2024.[5] With regard to his Avondale employment, Mr. Rogers testified that he was employed by Avondale as a tacker from January 1973 until May 1973.[6] He stated that during this employment, he worked aboard at least one Coast Guard Cutter and one Destroyer Escort.[7] While working aboard these vessels, he

---

[1] Original Petition for Damages, attached hereto as Exhibit A.
[2] First Supplemental, Amending, and Restated Petition for Damages, attached hereto as Exhibit B.
[3] Exhibit B, ¶ 7.
[4] Exhibit B, ¶ 7.
[5] See Deposition of John E. Rogers, Volume I, taken on April 2, 2004, attached hereto as Exhibit C and Deposition of John E. Rogers, Volume II, taken on April 23, 2024, attached hereto as Exhibit D.
[6] Exhibit C, pp. 30 and 62.
[7] Exhibit C, pp. 31 and 63.

testified that he was exposed to visible dust from the cutting and installation of wallboard and insulation, which he breathed.[8] Thus, the testimony of Mr. Rogers and allegations in the Petitions together revealed, for the first time, that Plaintiff is necessarily claiming that he was exposed to asbestos-containing materials at Avondale which were used on vessels being constructed for the federal government by Avondale.

4.

During Plaintiff's alleged employment period, Avondale was constructing federal vessels built pursuant to contracts with the U.S. Navy and the U.S. Maritime Administration ("MARAD"). These vessels included U.S. Destroyer Escorts ("DEs") and LASH cargo vessels constructed for MARAD (collectively, the "Federal Vessels"). These vessels were built with asbestos-containing products and materials pursuant to U.S. Navy and MARAD requirements. Thus, to the extent Mr. Rogers is alleging exposure to asbestos-containing materials at Avondale during this time, such exposure is directly attributable to asbestos-containing materials required and destined for use in the construction of these U.S. Navy and MARAD vessels.

5.

Thus, Plaintiff's Petitions along with his testimony reveal that Plaintiff is claiming exposure to asbestos at Avondale attributable to asbestos used and installed on Federal Vessels pursuant to Avondale's contracts with the federal government. *See, e.g., Bourgeois v. Huntington Ingalls, Inc.,* No. 20-1002, 2020 WL 2488026 at *10 (E.D. La. May 14, 2020) ("Under the broad reading of 'relating to' *Latiolais* dictates, … the evidence that six Navy vessels were under construction while Bourgeois worked at Avondale, tend to show that Bourgeois was likely exposed to asbestos used under the direction of a federal officer, thereby satisfying the connection prong")

---

[8] Exhibit C, pp. 31-35.

(Ashe, J.); *Ragusa v. Louisiana Insurance Guaranty Association,* 573 F.Supp.3d 1046, 1052 (E.D. La. Nov. 23, 2021) ("Under the broad reading of the connection prong, the evidence that at least two federal vessels were under construction during the time of the alleged exposure tends to show that Plaintiff was likely exposed to asbestos being used under the direction of a federal officer") (Barbier, J.).

6.

This removal is being filed within thirty days of receipt of the deposition transcript of John Rogers on April 17, 2024, and is therefore timely under 28 U.S.C. § 1446(b)(3).

7.

This action involves persons acting under the authority of an officer of the United States within the meaning of 28 U.S.C. § 1442(a)(1). To establish jurisdiction under this statute, a defendant must show: (1) it has asserted a colorable federal defense, (2) it is a "person" within the meaning of the statute, (3) that has acted pursuant to a federal officer's directions, and (4) the charged conduct is related to an act pursuant to a federal officer's directions. *Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286, 296 (5th Cir. 2020) (*en banc*).

8.

Avondale is a "person" within the meaning of 28 U.S.C. § 1442(a)(1). *E.g.*, *Savoie v. Huntington Ingalls Inc.,* 817 F.3d 457, 461 (5th Cir. 2016).

9.

Avondale was "acting under" an "officer . . . of the United States or [an] agency thereof" within the meaning of § 1442(a)(1) when it built the U.S. Navy vessels because the federal government contracted with Avondale to perform a task that the government otherwise would itself have had to perform—namely, to build ships "used to help conduct a war" and to further

4

other national interests. *E.g.*, *Watson v. Philip Morris Cos., Inc.*, 551 U.S. 142, 153–54 (2007); *Savoie,* 817 F.3d at 461–62 (Avondale was acting under a federal officer in the construction of vessels for the United States Navy); *Cortez v. Lamorak Ins. Co.,* No. CV 20-2389, 2020 WL 6867250, at *5 (E.D. La. Nov. 23, 2020) (Avondale was acting under a federal officer in the construction of vessels for the United States Coast Guard).

10.

Avondale was also "acting under" an "officer … of the United States or [an] agency thereof" within the meaning of § 1442(a)(1) when it built the LASH cargo vessels pursuant to contracts with MARAD because the United States government, acting through MARAD, had contracted with Avondale to perform a task that the government otherwise would itself have had to perform – to build ships for use as naval and military auxiliaries, to promote foreign and domestic commerce, and to further other important national interests. *Wilde v. Huntington Ingalls, Inc.*, 616 F. App'x 710, 713 (5th Cir. 2015) (Avondale was acting under a federal officer in the construction of vessels for the United States Maritime Administration); *Dempster v. Lamorak Ins. Co.*, No. CV 20-95, 2020 WL 468611, at *11 (E.D. La. Jan. 28, 2020) (same).

11.

If Mr. Rogers was exposed to asbestos from work undertaken in conjunction with the construction of the Federal Vessels, the use of asbestos-containing materials on those vessels was required, controlled, and/or authorized by officers of the United States.

12.

Plaintiff's claims against Avondale are claims "for or related to" acts performed under color of federal office within the meaning of the text of 28 U.S.C. S 1442(a)(1) because the charged

conduct is "connected or associated with" an act under a federal officer's direction. *Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d at 296.

13.

The use and installation of asbestos-containing materials in the construction of the Federal Vessels was required by the contractual provisions and design specifications mandated by the federal government acting through the United States Navy.

14.

The materials used in the construction of the Federal Vessels—including asbestos-containing materials—were the kind, type, and brand of materials specifically mandated by the Vessel Construction Contracts between Avondale and the United States government, and by the incorporated drawings, plans, and specifications for the construction of the Federal Vessels.

15.

The shipbuilding process—specifically including the use and installation of asbestos-containing materials aboard the Federal Vessels—was supervised and monitored by inspectors and other representatives of the United States government to ensure that Avondale complied with the design specifications mandated by the U.S. Navy.

16.

The inspections by representatives of the United States government included a determination that the supplies (including raw materials, components, and end products) used in the construction of the Federal Vessels were the supplies required by the contracts and specifications, including asbestos-containing thermal insulation and other asbestos-containing materials, as well as non-asbestos insulation materials. Inspections occurred throughout construction and prior to final acceptance of the Federal Vessels. If Avondale did not use the

supplies required by the contracts, including asbestos-containing materials, the federal government could demand that Avondale replace the supplies with conforming materials and/or put Avondale in default of the contract.

17.

The United States government required Avondale to provide representatives of the United States government, including government inspectors, with office space and other attendant facilities within the shipyard.

18.

Extensive Dock Trials, Builder's Trials, and Sea Trials on the Federal Vessels were performed by representatives of the United Sates government prior to the delivery of each Federal Vessel to ensure conformity with the design specifications mandated by the United States government.

19.

The United States government also promulgated specific safety rules, regulations, and requirements for shipbuilding. These regulations included specific permissible safe exposure levels for asbestos pursuant to the Walsh-Healey Public Contracts Act and the U.S. Department of Labor Safety and Health Regulations for Shipbuilding, 29 C.F.R. § 1502.1, which set safety standards to meet the provisions of the Longshore and Harbor Workers' Compensation Act requirements to render Avondale's workplace safe pursuant to 33 U.S.C. § 941. Avondale was guided by and required to comply with these safety regulations during the Federal Vessels' construction. United States government safety inspectors specifically monitored and enforced these safety regulations as well as the construction of the Federal Vessels on a day-to-day and job-specific basis.

20.

Avondale raises three colorable federal defenses to one or more of the Plaintiff's claims in this action. First, to the extent there is no conflict with *Barrosse v. Huntington Ingalls Incorporated*, 70 F.4th 315 (5th Cir. 2023), one or more of Plaintiff's claims is preempted and barred by the exclusive remedy provisions of the Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. § 901, *et seq. See, e.g., Ingalls Shipbuilding Corp., Div. of Litton Sys. v. Morgan,* 551 F.2d 61, 62 (5th Cir. 1977).

21.

Second, one or more of Plaintiff's claims are barred under the jurisprudential doctrine of government contractor immunity established by *Boyle v. United Techs. Corp.,* 487 U.S. 500 (1988), and its progeny. *See Latiolais,* 951 F.3d at 297-98 (holding Avondale's *Boyle* defense is colorable). Furthermore, Plaintiff's negligence and strict liability claims relate to the acts performed under color of federal office.

22.

The reasonably precise design specifications established by the U.S. Navy mandated the installation of asbestos and asbestos-containing products on the Federal Vessels. The Federal Vessels conformed to the specifications mandated by the United States Navy—the specifications mandated the use of asbestos, and Avondale built the Federal Vessels using asbestos. The United States government had knowledge of the potential hazards of asbestos-containing materials in the workplace that was equal to or superior to that of Avondale.

23.

Third, the Plaintiff's claims are barred by the federal defense of derivative sovereign immunity as set forth in *Yearsley v. W.A. Ross Constr. Co.*, 309 U.S. 18 (1940), and its progeny. *Yearsley* established that a federal government contractor, performing at the direction and authorization of a federal government officer, is immune from suit based upon performance of the contract. The *Yearsley* doctrine applies here, rendering Avondale immune from suit, because Avondale performed the at-issue acts at the direction of federal government officers acting pursuant to federal government authorization.

24.

Removal under 28 U.S.C. § 1442 does not require the consent of any defendant. *See Humphries v. Elliott Co.*, 760 F.3d 414, 417 (5th Cir. 2014); *Ely Valley Mines, Inc. v. Hartford Acc. & Indem. Co.,* 644 F.2d 1310 (9th Cir. 1981); *Bottos v. Avakian,* 477 F. Supp. 610 (N.D. Ind. 1979), *aff'd*, 723 F.2d 913 (7th Cir. 1983).

25.

Because this Court has federal officer jurisdiction over at least one claim asserted by Plaintiff, it has supplemental jurisdiction over the entire action. *See Savoie,* 817 F.3d at 463; 28 U.S.C. § 1367(a).

26.

With this Notice, Avondale is filing a "copy of all process, pleadings, and orders served upon" them in the State Case. 28 U.S.C. §§ 1446(a), (d). In addition, written notice is being given to all adverse parties, and a copy of this Notice is being filed with the Clerk of the Civil District Court for the Parish of Orleans, State of Louisiana.

ACCORDINGLY, Avondale hereby gives notice that the proceeding bearing Case No. 2024-00984 on the docket of the Civil District Court for the Parish of Orleans, State of Louisiana, is removed to the docket of this Court for trial and determination as provided by law, and asks that this Court enter such orders and issue such process as may be proper to bring before it copies of all records and proceedings in the State Case, and to proceed with this civil action as a matter properly removed.

Respectfully submitted,

*/s/ Laura M. Gillen*

Brian C. Bossier (#16818) **T.A.**
Edwin A. Ellinghausen, III (#1347)
Christopher T. Grace, III (#26901)
Erin H. Boyd (#20121)
Laura M. Gillen (#35142)
Kimmier L. Paul (#35278)
Morgan M. Smith (#40952)
**BLUE WILLIAMS, L.L.C.**
3421 N. Causeway Blvd., Suite 900
Metairie, LA 70002
Phone: (504) 831-4091
Fax: (504) 837-1182
Email: lgillen@bluewilliams.com
avondaleasbestos@bluewilliams.com
*Counsel for Huntington Ingalls Incorporated*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Notice of Removal was filed electronically with the Clerk of Court using the Court's CM/ECF system and a copy sent to all counsel of record by electronic means on the 16th day of May 2024.

*/s/ Laura M. Gillen*

5063057 v1