ATTORNEY'S COPY

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 2024-00984 SECTION 12 DIVISION " D "

JOHN ROGERS

VERSUS

TAYLOR-SEIDENBACH, INC., ET AL.

FILED 2024 FEB -1 PM 2:32 CIVIL DISTRICT COURT

FILED: ______________________ ______________________ DEPUTY CLERK

## PETITION FOR DAMAGES

TO THE HONORABLE CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS, STATE OF LOUISIANA, AND THE JUDGES THEREOF:

The Petition of John Rogers respectfully represents:

**1.**

Petitioner John Rogers is an adult resident citizen of the State of Louisiana who worked in and was exposed to asbestos in Orleans Parish in the State of Louisiana in at least the 1970s. Petitioner currently resides in Livingston Parish, Louisiana.

**2.**

Named Defendants herein are the following, either foreign corporations licensed to do and doing business in the State of Louisiana or domestic corporations licensed to do and doing business in the State of Louisiana, or are individuals that are liable unto the Petitioner, for the claims asserted herein:

**SUPPLIERS/ DISTRIBUTORS/ CONTRACTORS/MANUFACTURERS**

1. **TAYLOR-SEIDENBACH, INC.**
2. **EAGLE, INC.**

**3.**

Orleans Parish is a proper venue for this matter pursuant to Louisiana Code of Civil Procedure Article 42(2) because Defendants Taylor-Seidenbach, Inc. and Eagle, Inc. are domestic corporations licensed to do business in this State and have designated as their primary business offices and/or primary places of business in Louisiana as Orleans Parish. Additionally, Petitioner had exposures to asbestos attributable to and in Orleans Parish.

EXHIBIT A

**4.**

This action is within the jurisdiction of the court and Orleans Parish is a proper venue pursuant to Louisiana Code of Civil Procedure article 73 because each of the defendants listed above contributed to Petitioner's exposure to asbestos and subsequent contraction of lung cancer and therefore each is solidarily liable to Petitioner with Defendants Taylor-Seidenbach, Inc. and Eagle, Inc., domiciled in Orleans Parish.

**5.**

Petitioner was exposed to injurious levels of asbestos through personal contact and use of Defendant's products, through bystander exposures to the personal contact and use of Defendant's products by others, and/or through personal contact with and the laundering of work clothing of individuals with whom he resided.

**6.**

When inhaled or otherwise ingested, asbestos causes irreparable and progressive lung damage that can manifest itself as asbestos-related pleural disease, asbestosis, lung cancer, pulmonary and bronchogenic carcinoma, gastrointestinal cancer, cardiac problems, other lung diseases, pneumoconiosis, and various other injuries.

**7.**

Each of the Defendants knew or should have known through industry and medical studies, the existence of which were unknown to Petitioner, of the health hazards inherent in the asbestos-containing products they were selling and/or using. Instead of warning Petitioner and the general public about these dangers, the defendants ignored or actively concealed such information, or condoned such concealment, in order to sell asbestos or asbestos-containing products and to avoid litigation by those who were injured from asbestos inhalation. Those defendants who have engaged in intentional misconduct, fraud or concealment or conspiracy to defraud or conceal the dangers of asbestos-containing products are specifically set forth and their conduct specifically described hereinafter in the section which, in addition to negligence or strict liability, identifies other forms of specified misconduct as set out herein and similarly identified by name of the particular defendants above the specific counts of misconduct.

**8.**

As a direct and proximate result of having inhaled, ingested or otherwise had been exposed to asbestos as described in Paragraph 5, Petitioner contracted malignant lung cancer, caused from asbestos exposure. Petitioner's lung cancer was diagnosed in or around December of 2023

**9.**

Because of the latency period between exposure to asbestos and the onset of malignant lung cancer, and because of the active concealment by some defendants of the causes and effects of exposure to asbestos, Petitioner had only recently discovered Decedent's injuries and not more than one year preceding the filing of this Petition for Damages.

**<u>SUPPLIERS/ DISTRIBUTORS/ CONTRACTORS/MANUFACTURERS</u>**

**10.**

Defendants were either all miners, manufacturers, sellers, users, distributors, contractors, and/or suppliers of asbestos products and were engaged in the business of using, manufacturing or facilitating the manufacture of asbestos products, or representing themselves as manufacturers of asbestos products, or were professional vendors of asbestos or asbestos-containing products, which were expected to and did reach, including but not limited to, facilities and sites from which Petitioner was exposed.

**11.**

The products mined, manufactured, sold, distributed, supplied and/or used by these defendants were defective, unreasonably dangerous, and unreasonably dangerous per se, to Petitioner, who was an intended and foreseeable user and bystander who was exposed to these products. These defects include, without limitation, the following:

a. the mining, manufacture, sale, supply, distribution, and use of products that are unreasonably dangerous, or unreasonably dangerous per se;

b. the mining, manufacture, sale, supply, distribution, and use of products that possess inherent and known properties that make them unreasonably dangerous by presenting high potential for causing serious injury, such as respiratory disease, cancer, and other health problems to Petitioner, who would be

foreseeably exposed to them in as a result of their intended use;

c. lack of warning or of sufficient warning of the hazards these products would present in the course of their normal foreseeable use or intended use;

d. lack of safety instructions or of sufficient safety instructions for eliminating or reducing the health risks associated with the intended use of these products;

e. failure of defendants to inspect these products to assure sufficiency and adequacy of warnings and safety cautions;

f. failure to test or adequately test these products for defects or hazards they could present to the intended or foreseeable users;

g. failure to truthfully report or adequately report the results of product testing and medical studies associated with foreseeable hazards of these products by intended or foreseeable users;

h. failure to properly design these products when the nature of the product did not require use of asbestos mineral or where alternate, equally suitable substances were readily available;

i. defects in the composition and construction of these products;

j. failure to recall these products mined, manufactured, sold, distributed and/or supplied;

k. failure to properly package these products so that they could be safely transported, handled, stored, or disposed of;

l. over-warranting the safety of these products that were manufactured, sold, supplied and/or used by Defendants; and

m. liability to Petitioners in strict liability for things in their garde, possession, custody, or control, pursuant to article 2317 of the Louisiana Code of Civil Procedure that have caused harm to Decedent.

**12.**

The defective conditions of Defendants' products and fault, as noted above, are a proximate cause of Petitioner's injuries complained of herein.

**13.**

Petitioner also alleges that each and every one of the foregoing defendants were also negligent in engaging in the substandard conduct enumerated above and that this negligence was also a proximate cause of Petitioner's injuries.

**14.**

At all times throughout Petitioner's exposure to asbestos, Defendants knew that asbestos posed substantial health risks to those exposed to it, knew that there were specific engineering and industrial hygiene procedures which should have been employed to reduce exposures, knew that those exposed to asbestos on the job could bring home asbestos on their clothes and thereby injuriously expose those in the household, yet Defendants consciously chose not to inform Petitioner of this information or implement any meaningful safety precautions, all of which was a substantial contributing cause of Petitioner's injuries.

**JURY TRIAL DEMAND**

Peititioner requests a trial by jury.

**PRAYER FOR RELIEF**

WHEREFORE, on the basis of all of the foregoing premises set out in paragraphs 1 through 14, Petitioner requests that Defendants be served with this petition and that there be judgment against Defendants in a sum sufficient to compensate Petitioner for the following:

a. all past, present, and future medical costs or expenses related thereto;

b. all past, present, and future lost earnings;

c. all past, present, and future mental suffering, anguish, pain, and suffering;

d. all past, present and future physical pain and suffering;

e. loss of quality of life;

f. past, present, and future disability; and

g. any and all damages as permitted under the law.

WHEREFORE Petitioner prays that after due proceedings had, there be judgment herein in favor of Petitioner and against Defendants as prayed for.

Respectfully submitted,

**PHILIP C. HOFFMAN, LLC**

Philip C. Hoffman, LA Bar No. 32277
Dayal S. Reddy, LA Bar No. 31928
643 Magazine Street, Suite 300A
New Orleans, LA 70130
Telephone: 504-822-6050
Facsimile: 504-313-3911
Email: *phil@pchlawfirm.com*
*dayal@phclawfirm.com*
*tara@pchlawfirm.com*
*shanna@pchlawfirm.com*
**COUNSEL FOR PETITIONERS**

**PLEASE SERVE THE FOLLOWING DEFENDANTS WITH PETITIONER'S ORIGINAL PETITION FOR DAMAGES:**

1. **EAGLE INC.** (formerly known as Eagle Asbestos & Packing Co., Inc.)
   Through Agent for Service of Process:
   Susan B. Kohn
   1100 Poydras Street, 30th Floor
   New Orleans, Louisiana 70163

2. **TAYLOR-SEIDENBACH, INC.**
   Through Agent for Service of Process:
   Hal Shepard
   731 South Scott Street
   New Orleans, LA 70119