## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JOHN ROGERS,** | * | **CIVIL ACTION NO. 2:24-cv-1268** |
| *Plaintiff* | * | **SECTION: "J"(1)** |
| **VERSUS** | * | **JUDGE: CARL J. BARBIER** |
| | * | **MAGISTRATE JUDGE: JANIS VAN MEERVELD** |
| **TAYLOR SEIDENBACH, INC.,** *et al.,* | * | |
| *Defendants* | * | |

\* \* \* \* \* \* \*

### THE DOW CHEMICAL COMPANY'S ANSWER
### TO HUNTINGTON INGALLS INCORPORATED'S CROSS-CLAIM

Defendant The Dow Chemical Company ("Dow") hereby answers Huntington Ingalls Incorporated's (f/k/a Avondale Industries, Inc.) ("Avondale") Cross-Claims and Third Party Demands[1] ("Cross-Claim"), as follows:

### ANSWER TO CROSS-CLAIM

I.

The allegations in paragraphs 1 through 3 of Avondale's Cross-Claim do not pertain to Dow and, as such, require no response from Dow. If a response is required, Dow specifically denies the allegations to the extent they imply liability on the part of Dow. The remaining allegations are denied for lack of sufficient information to justify a belief therein.

---

[1] R. Doc. 7, at p. 12.

1

II.

The allegations in paragraphs 4 and 5 (including all subparts) of Avondale's Cross-Claim are denied to the extent they imply liability on the part of Dow. Dow expressly denies that Plaintiff was exposed to asbestos or asbestos-containing products or hazardous or toxic materials related in any way to Dow, and further denies that Plaintiff has any asbestos-related disease or other damages related in any way to Dow. The remaining allegations do not pertain to Dow and, as such, require no response from Dow.

III.

In response to paragraph 6 of Avondale's Cross-Claim, Dow re-urges, re-avers, and adopts by reference its answer and affirmative defenses asserted in response to Plaintiff's Petition for Damages and First Supplemental, Amending, and Restated Petition for Damages and Demand for Jury ("Complaint"). Dow specifically denies the allegations contained in paragraph 6 to the extent they imply liability on the part of Dow. Furthermore, Dow specifically denies that it is liable to any party individually, jointly, severally, strictly, *in solido*, or in any manner whatsoever, for any damages whatsoever.

IV.

The allegations in paragraph 7 (including all subparts) of Avondale's Cross-Claim do not pertain to Dow and, as such, require no response from Dow. If a response is required, Dow specifically denies the allegations to the extent they imply liability on the part of Dow. The remaining allegations are denied for lack of sufficient information to justify a belief therein.

V.

The allegations in paragraphs 8 through 12 (including all subparts) of Avondale's Cross-Claim are denied to the extent they imply liability on the part of Dow. Dow expressly denies that

Plaintiff was exposed to asbestos or asbestos-containing products or hazardous or toxic materials related in any way to Dow, and further denies that Plaintiff has any asbestos-related disease or other damages related in any way to Dow. The remaining allegations do not pertain to Dow and, as such, require no response from Dow.

VI.

The allegations in paragraphs 13 through 21 of Avondale's Cross-Claim do not pertain to Dow and, as such, require no response from Dow. If a response is required, Dow specifically denies the allegations to the extent they imply liability on the part of Dow. The remaining allegations are denied for lack of sufficient information to justify a belief therein.

VII.

The allegations in paragraphs 22 through 25 of Avondale's Cross-Claim are denied to the extent they imply liability on the part of Dow. Dow expressly denies that Plaintiff was exposed to asbestos or asbestos-containing products or hazardous or toxic materials related in any way to Dow, and further denies that Plaintiff has any asbestos-related disease or other damages related in any way to Dow. The remaining allegations do not pertain to Dow and, as such, require no response from Dow.

VIII.

The allegations in paragraphs 26 through 29 of Avondale's Cross-Claim do not pertain to Dow and, as such, require no response from Dow. If a response is required, Dow specifically denies the allegations to the extent they imply liability on the part of Dow. The remaining allegations are denied for lack of sufficient information to justify a belief therein.

IX.

The allegations in paragraph 30 of Avondale's Cross-Claim are denied to the extent they imply liability on the part of Dow. Dow expressly denies that Plaintiff was exposed to asbestos or asbestos-containing products or hazardous or toxic materials related in any way to Dow, and further denies that Plaintiff has any asbestos-related disease or other damages related in any way to Dow. The remaining allegations do not pertain to Dow and, as such, require no response from Dow.

X.

In response to Avondale's jury demand, Dow reiterates its request for a jury trial.

XI.

Dow denies the allegations contained in the prayer for relief in Avondale's Cross-Claim and expressly denies any liability to Avondale or that Avondale is entitled to judgment against Dow for the relief requested, in any amount whatsoever.

XII.

Any paragraphs or allegations of Avondale's Cross-Claim not specifically answered are hereby denied.

## **AFFIRMATIVE DEFENSES**

Dow raises the following affirmative defenses and other defenses:

### **FIRST DEFENSE**

Dow reiterates and re-avers all affirmative defenses plead in response to Plaintiff's Complaint.

### **SECOND DEFENSE**

Avondale fails to state a claim or right of action against Dow upon which relief can be

4

granted against Dow. Dow avers it owed no duty to Avondale.

### THIRD DEFENSE

As an affirmative defense, Dow alleges that any harm which came to the Plaintiff was a direct and proximate result of Avondale's fault and/or negligence through the following non-exclusive acts:

1) Avondale was aware or should have been aware of any dangerous condition presented by exposure to asbestos;

2) Avondale failed to implement protective measures to protect workers from exposure to asbestos, including but not limited to the segregation of workers and/or work areas, providing workers adequate instructions and protective equipment, warning workers of the dangers associated with exposure to asbestos, providing clean air and proper ventilation;

3) Avondale failed to protect its workers from exposure to asbestos by not requiring them to follow safety and other instructions and warnings, which were provided to Avondale by others, including but not limited to suppliers and manufacturers, or which it should have known about;

4) Avondale failed to require its employees and contractors to use proper safety equipment;

5) Avondale failed to act as a reasonable person would be expected to act under the circumstances described in Plaintiff's Complaint; and

6) Avondale was negligent or at fault through other acts and omissions which will be proven at trial.

Respectfully submitted,

*/s/Erin C. Percy*
Charles B. Wilmore (Bar #28812), T.A.
(cbwilmore@liskow.com)
Elizabeth S. Wheeler (Bar #21148)
(ewheeler@liskow.com)
Neil C. Abramson (Bar #21436)
(ncabramson@liskow.com)
Erin C. Percy (Bar #33627)
(epercy@liskow.com)
Alec N. Andrade (Bar #38659)
(aandrade@liskow.com)
Hailey A. Maldonado (Bar #40439)
(hmaldonado@liskow.com)
**LISKOW & LEWIS**
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

*Attorneys for The Dow Chemical Company*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on July 15, 2024, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all CM/ECF participants by operation of the Court's electronic filing system.

/s/*Erin C. Percy*