UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOHN ROGERS                                    CIVIL ACTION

VERSUS                                         NO. 24-1268

TAYLOR-SEIDENBACH, INC. ET AL.                 SECTION: "J"(1)


**ORDER AND REASONS**

Before the Court is a *Motion for Summary Judgment* **(Rec. Doc. 117)** filed by Paramount Global. Plaintiffs and Cross Claimant Huntington Ingalls Incorporated opposed the motion (Rec. Docs. 125, 128), and Paramount Global filed a reply memorandum (Rec. Doc. 131). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion for summary judgment should be **DENIED**.

**FACTS AND PROCEDURAL BACKGROUND**

In December of 2023, John Rogers received a lung cancer diagnosis, which he attributed to occupational asbestos exposure. Rogers initially brought this action for negligence and strict products liability in the Civil District Court for the Parish of Orleans, State of Louisiana against Taylor-Seidenbach, Inc. and Eagle Inc. After Mr. Rogers filed his first amended petition, in which he joined additional defendants, Huntington Ingalls Incorporated removed the matter to this Court pursuant to 28 U.S.C. § 1442, the Federal Officer Removal Statute.

1

For approximately four months in 1973, Mr. Rogers worked as a tacker/welder at Avondale, which is now Huntington Ingalls Incorporated (hereinafter "Avondale). Additionally, Rogers alleged occupational asbestos exposure when he was employed by Dow Chemical in the 1970s and 1980s as an electrician's helper, and when he used asbestos-containing brake products to service automobiles from the 1970s through the 1990s. Rogers died in February of 2026, at which point his spouse and adult children substituted themselves as plaintiffs in the action, on behalf of John Rogers and in their individual capacities.

## **LEGAL STANDARD**

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When evaluating whether a dispute as to any material fact exists, a court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008) (citations omitted). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with "conclusory allegations" or "unsubstantiated assertions." *Little*, 37 F.3d at 1075 (citations omitted). To grant a motion for summary judgment, a court ultimately must be satisfied that "a reasonable jury could not

return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

The moving party bears the initial burden of demonstrating that there is no genuine dispute as to any material fact. *Little*, 37 F.3d at 1075. If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264–65 (5th Cir. 1991) (citations omitted). The nonmoving party can then defeat the motion either by demonstrating that a genuine issue of material fact exists, or "by showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, as is the case here, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. When the moving party meets this burden, the non-moving party "must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Little*, 37 F.3d at 1075 (citing *Celotex*, 477 U.S. at 325).

In an asbestos exposure case under Louisiana law, the claimant must demonstrate that (1) "he had significant exposure to the product complained of," and that (2) this exposure "was a substantial factor in bringing about his injury." *Rando*

3

*v. Anco Insulations, Inc.*, 2008-1163 (La. 5/22/09), 16 So. 3d 1065, 1091 (quoting *Asbestos v. Bordelon, Inc.*, 96-0525 (La. App. 4 Cir. 10/21/98), 726 So. 2d 926, 948). The plaintiff bears the burden of proof on both elements. *Vodanovich v. A.P. Green Indus., Inc.*, 2003-1079 (La. App. 4 Cir. 3/3/04), 869 So. 2d 930, 932. When there are multiple causes of injury, "a defendant's conduct is a cause in fact if it is a substantial factor generating plaintiff's harm." *Id.* (citation omitted).

To defeat a motion for summary judgment concerning the plaintiff's exposure to asbestos, a plaintiff "need only show that a reasonable jury could conclude that it is more likely than not that [plaintiff] inhaled defendant's asbestos fibers, even if there were only 'slight exposures.'" *Williams v. Boeing Co.*, 23 F.4th 507, 512 (5th Cir. 2022) (citing *Held v. Avondale Indus., Inc.*, 95-1788 (La. App. 4 Cir. 4/3/96), 672 So. 2d 1106, 1109). However, "evidence of the mere physical presence of asbestos-containing materials at a particular job site is insufficient to defeat an employer's or premises owner's summary judgment motion," so to prevail on a motion for summary judgment, a plaintiff must present specific evidence that establishes both that he was potentially exposed to asbestos-containing materials and that the defendant was responsible for these materials. *Steib v. Lamorak Ins. Co.*, 2020-0424 (La. App. 4 Cir. 2/3/21), 365 So. 3d 745, 754 (citations omitted). The same causation standard (the substantial factor test) is used in cases involving product liability defendants and premises owner defendants. *Thomas v. A.P. Green Indus., Inc.*, 2005-1064 (La. App. 4 Cir. 5/31/06), 933 So.2d 843, 860 (citing *Zimko v. Am. Cyanamid*, 2003-0658 (La. App. 4 Cir. 6/8/05), 905 So. 2d 465, 485).

4

**DISCUSSION**

Defendant Paramount Global, formerly known as Westinghouse (hereinafter "Westinghouse"), claims that Plaintiffs have not presented any evidence that Decedent John Rogers was exposed to asbestos-containing products for which Westinghouse was responsible, nor that such exposure was a substantial factor in causing Mr. Rogers's lung cancer. As such, Westinghouse contends that it is entitled to judgment as a matter of law because there is no genuine issue of material fact.

It is undisputed that at the time of Mr. Rogers's employment at Avondale, Westinghouse supplied Fire Retardant Decorative Micarta ("FRDM") to Hopeman Brothers, Inc., a joiner subcontractor at Avondale. Employees of Wayne Manufacturing, a wholly owned subsidiary of Hopeman, would then combine the Micarta that Westinghouse produced with Marinite panels supplied by Johns-Manville to create wall panels, and Hopeman Brothers' employees would cut these Micarta-containing wall boards to size and install them on vessels being constructed at Avondale.

Westinghouse presents a two-part argument for summary judgment. First, Westinghouse asserts that Plaintiffs have not presented evidence that Decedent John Rogers was exposed to any asbestos-containing products or equipment that Westinghouse manufactured, sold, or supplied. To support this assertion, Westinghouse relies on a statement Mr. Rogers gave during a deposition in which he "specifically testified that he did not associate Westinghouse with any asbestos-containing products or equipment that he worked with or around during his career

and specifically denied any asbestos exposure attributable to Westinghouse." (Rec. Doc. 117-1, at 7). Huntington Ingalls and Plaintiffs, on the other hand, argue that this testimony is not dispositive because Mr. Rogers worked for Avondale when he was only nineteen years old, more than fifty years prior to his deposition, and he did so for only about four months. In other words, they maintain that Mr. Rogers could not be expected to know or recall the name of the manufacturer of any asbestos-containing products to which he was exposed in 1973.

Furthermore, Mr. Rogers testified in his deposition that he recalled working around individuals who cut wall board and hung it, thereby creating dust within the enclosed compartment in which Mr. Rogers worked. (Rec. Doc. 125-2, at 8–11). Mr. Rogers also attested that he inhaled this dust. Mr. Rogers's direct deposition testimony creates a genuine issue as to a material fact concerning whether he was exposed to asbestos-containing products for which Westinghouse was responsible.

Next, Westinghouse asserts that it is entitled to summary judgment based on the time period and the types of vessels on which Mr. Rogers recalled working. During his deposition, Mr. Rogers explained that he remembered working on one Coast Guard vessel and one Navy Destroyer Escort while at Avondale. According to Westinghouse, FRDM "was never approved for use on U.S. Navy vessels," and "none of the Coast Guard vessels which Hopeman worked on were under construction during the brief time that Mr. Rogers worked at Avondale." (Rec. Doc. 117-1, at 3). To counter this argument, Plaintiffs and Huntington Ingalls point to evidence that at least four LASH vessels were under construction at Avondale during Mr. Rogers's

employment, and Hopeman Brothers employees performed joiner operations on these vessels as well. Therefore, Plaintiffs and Huntington Ingalls contend that for reasons also explained above, Mr. Rogers simply might have been mistaken about exactly which type of vessel he was working on "at the time he observed contractors cutting wallboard with Skil-saws." (Rec. Doc. 125, at 6).

As its third basis for summary judgment, Westinghouse contends that Mr. Rogers worked the night shift at Avondale, whereas the affidavit of John E. Baker, former Vice President and Secretary of Hopeman Brothers, Inc., indicates that Hopeman employees worked during the day at Avondale. (Rec. Doc. 117-1, at 3 (citing Rec. Doc. 117-8, at ¶ 6)). Furthermore, Mr. Rogers attested that he did not perform labor on vessels that had already been launched, but Westinghouse claims that "Hopeman's work with FRDM only occurred after vessels had been launched and were berthed over water." *Id.*

First, Plaintiffs and Huntington Ingalls take issue with Defendants' interpretation of John Baker's affidavit. Mr. Baker specifically attested that "Hopeman Brothers, Inc. regularly and customarily provided joiner services to Avondale Shipyards during the 'day shift' and it was not Hopeman Brothers' ordinary practice to be present in the shipyard at night." (Rec. Doc. 117-8, at 3). Thus, Huntington Ingalls and Plaintiffs maintain that while Hopeman Brothers employees might not have *typically* worked at Avondale at night, the possibility remains that "Hopeman Brothers employees were present at Avondale from time to time during

the night shift, when necessary in order to meet construction contract deadlines." (Rec. Doc. 125, at 5).

Each of Westinghouse's grounds for summary judgment presents a genuine dispute over material facts in this litigation. As the Fifth Circuit has repeatedly affirmed, a plaintiff's proof of asbestos exposure may "rest[] on the common sense idea that, if defendants' products are *likely* to be present at a specific location within the workplace, plaintiffs are likely to have been exposed to the products if they worked near those specific locations, even without explicit testimony that the plaintiff worked near the specific product." *Slaughter v. Southern Talc Co.*, 949 F.2d 167, 172 (5th Cir. 1991). Plaintiffs and Huntington Ingalls have designated direct evidence, i.e., Mr. Rogers's deposition testimony, in addition to circumstantial evidence, which shows that there is a genuine issue for trial. Stated another way, Plaintiffs and Huntington Ingalls have shown "that a reasonable jury could conclude that it is more likely than not that [plaintiff] inhaled defendant's asbestos fibers, even if there were only 'slight exposures.'" *Williams v. Boeing Co.*, 23 F.4th 507, 512 (5th Cir. 2022). The Court finds that this evidence precludes summary judgment.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Paramount Global's *Motion for Summary Judgment* **(Rec. Doc. 117)** is **DENIED**.

New Orleans, Louisiana, this 7th day of July, 2026.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE